Certiorari granted, April 4, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4671**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLAUNCE MONTREL MAZYCK, a/k/a Claunce Montrel
Mazck, a/k/a Cabbage Mazyck, a/k/a Claunce
Montrel Mazyeck, a/k/a Clarence Mazyck, a/k/a
Clarence Montrel Mazyck, a/k/a Claunce J.
Mazyck, a/k/a Clarenc Mazyck,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Patrick Michael Duffy, District
Judge. (CR-02-401)

———————

Submitted: October 1, 2004          Decided: October 21, 2004

———————

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thaddeus J. Doughty, North Charleston, South Carolina, for
Appellant. John Charles Duane, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

A grand jury returned a superseding indictment charging appellant Claunce Montrel Mazyck with being a felon in possession of a firearm, namely a 9mm semi-automatic pistol, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000) (Count One), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (2000) (Count Two). Mazyck pled guilty pursuant to a written plea agreement to Count One, and Count Two was dismissed. In determining Mazyck's sentence under the federal sentencing guidelines, the district court adopted the recommendation in the Presentence Investigation Report ("PSR") to apply U.S. Sentencing Guidelines Manual § 2K2.1(b)(4) (2002), which provides for a two point enhancement in the offense level if the firearm at issue was stolen. Mazyck was sentenced to seventy-one months in prison. He timely noted an appeal.

Mazyck's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Mazyck has not filed a pro se supplemental brief despite being informed of his right to do so. In the Anders brief, counsel raises one potential issue for appellate review: whether Mazyck's offense level was improperly enhanced by two points at sentencing because the possession of a stolen weapon charge (Count Two) was dismissed.[*] We conclude that

---

[*]At the commencement of the sentencing hearing, Mazyck's counsel conceded that evidence that the firearm was stolen could properly be used as relevant conduct for purposes of sentencing.

- 2 -

this issue is clearly without merit.  The sentencing court may consider conduct underlying dismissed charges as relevant conduct in determining the appropriate sentence under the federal sentencing guidelines.  See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994); see also U.S. Sentencing Guidelines Manual § 1B1.3 (2002).  Moreover, Mazyck's plea agreement stated that, although Count Two was being dismissed, facts underlying this dismissed charge could still be used as relevant conduct at sentencing.

In addition to the one issue raised by counsel, we have examined the entire record in this case pursuant to Anders and find no meritorious issues for appellate review.  Accordingly, we affirm Mazyck's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If Mazyck requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED