**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4671**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

CLAUNCE MONTREL MAZYCK, a/k/a Claunce Montrel
Mazck, a/k/a Cabbage Mazyck, a/k/a Claunce
Montrel Mazyeck, a/k/a Clarence Mazyck, a/k/a
Clarence Montrel Mazyck, a/k/a Claunce J.
Mazyck, a/k/a Clarenc Mazyck,

                                    Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-8836)

---

Submitted:  January 31, 2006          Decided:  May 4, 2006

---

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

---

Opinion reinstated; sentence affirmed by unpublished per curiam
opinion.

---

Thaddeus J. Doughty, North Charleston, South Carolina, for
Appellant. Jonathan S. Gasser, Acting United States Attorney, John
C. Duane, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the Supreme Court. We previously affirmed Claunce Montrel Mazyck's conviction and sentence. United States v. Mazyck, No. 03-4671 (4th Cir. Oct. 21, 2004) (unpublished). The Supreme Court vacated our decision and remanded Mazyck's case to us for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).

Mazyck pled guilty, pursuant to a written plea agreement, to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). At sentencing, the district court assigned a base offense level of 20, and Mazyck received a two-level enhancement because the firearm in question was reported stolen. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(4) (2002). After a three-level reduction for acceptance of responsibility, Mazyck's adjusted offense level was 19. Mazyck's criminal history category V yielded a guideline range of 57 to 71 months' imprisonment. The district court imposed a sentence of 71 months' incarceration.

On remand, Mazyck argues that he is entitled to resentencing in light of Booker because his sentence was improperly enhanced by two levels because the firearm in question was stolen. He asserts that the government did not prove that the firearm was stolen and that he thus should be resentenced without the two-level enhancement. Because Mazyck did not challenge the enhancement on

this ground below, we review for plain error. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).

For purposes of determining <u>Booker</u> error, we consider the guideline range based on the facts the defendant admitted before any adjustment for acceptance of responsibility. <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Using this calculation with criminal history category V, the guideline range would have been 63 to 78 months. Because Mazyck's sentence is within that range, he cannot show plain error.

Accordingly, we reinstate our October 21, 2004 opinion and affirm Mazyck's sentence after our reconsideration in light of <u>Booker</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>OPINION REINSTATED</u>;
<u>SENTENCE AFFIRMED</u>